## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXIS FENSTERMACHER | : | |
| 1927 Allwood Drive, Apartment A | : | **CIVIL ACTION NO.:** |
| Bethlehem, PA 18018 | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| COCA-COLA LEHIGH VALLEY SYRUP | : | |
| 7551 Schantz Road | : | |
| Allentown, PA 18106 | : | |
| and | : | |
| COCA-COLA | : | |
| 1 Coca-Cola Plaza NW | : | |
| Atlanta, GA 30313 | : | |
| Defendant, | : | **COMPLAINT** |
| | : | |

## I.    PRELIMINARY STATEMENT

1.      Plaintiff, ALEXIS FENSTERMACHER(hereinafter "Plaintiff") brings this action under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq*. ("PaHRA"); under Pennsylvania and Federal Common Law, for Hostile Work Environment, and for retaliation in exercising her rights under the aforementioned statutes.  Plaintiff seeks equitable relief, compensatory damages, costs and attorney fees from Defendants for Defendants' discriminatory practices and other tortuous actions.

## III.    THE PARTIES

2.      Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

3.      Upon information and belief, Defendant, COCA-COLA LEHIGH VALLEY SYRUP (hereinafter "Coca-Cola Lehigh or Defendant") is a corporation, business, company,

partnership or the like that maintains a principal place of business at the above-captioned address and licensed and authorized to do business in the Commonwealth of Pennsylvania.

4.      Upon information and belief, Defendant, COCA-COLA (hereinafter "Coca-Cola or Defendant") is a corporation, business, company, partnership or the like that maintains a principal place of business at the above-captioned address and licensed and authorized to do business in the Commonwealth of Pennsylvania.

5.      At all times material hereto, Defendants acted individually, and/or through their agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in Defendants' business and acting within the scope of their agency, servitude and/or employment on behalf of Defendants.

6.      At all times material hereto, the conduct of Defendant as enumerated within this Complaint occurred within the Commonwealth of Pennsylvania.

## II.     **JURISDICTION AND VENUE**

7.      Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

8.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

9.      At all times material hereto, Defendants were "engaged in an industry affecting commerce" as defined in the Labor Management Relations Act, 29 U.S.C. 142 (1) and (3).

10.     At all times material hereto, Defendants employed more than fifty (50) employees.

11.     At all times material hereto, Defendants were an "employer" as defined by Title VII.

12.     At all times material hereto, Defendants were an "employer" as defined by §§4 and 5 of the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq.*

13.     At all times material hereto, Defendants aided and abetted the interference, discrimination, hostile work environment and harassment that Plaintiff was subjected to during the course and scope of her employment.

14.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination based on Sexual Harassment under Title VII, violation of and violation of Pennsylvania Statutory Law under the PaHRA .

15.     Plaintiff has complied with all jurisdictional prerequisites and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission on July 25, 2023 and was received by the Plaintiff at a time thereafter, (Attached hereto as Exhibit "A").

III.     **FACTUAL ASSERTION**

16.     Plaintiff was an employee of the above-listed Defendants, employed in as a production technician.

17.     Plaintiff was hired on May 19, 2022, and pretextually terminated on July 29, 2022.

18.     Plaintiff is female.

19.     Plaintiff was subjected to severe and pervasive sexual harassment by co-workers Earl Gay and Chris Colon.

20.     Earl Gay, one of Plaintiff's sexual harassers worked the same job as the Plaintiff, and worked his shift with the Plaintiff.

21.     While working, Gay would send pictures and videos of his penis to the Plaintiff, grab Plaintiff around the waist without the Plaintiff's consent and repeatedly ask to come over to the Plaintiff's home.

22.     Plaintiff did not report this harassment to her supervisors because she was fearful that she would lose her job, nevertheless said harassment was open and obvious to management of the Defendants.

23.     Plaintiff was also sexually harassed by Chris Colon, who repeatedly tried to touch the Plaintiff without her consent.

24.     When the Plaintiff rebuffed Colon's harassing advances, Colon screamed at the Plaintiff.

25.     Collins was reported to supervisors for this harassment.

26.     Despite reporting the harassment to Human Resources, the sexual harassment of the Plaintiff continued.

27.     Plaintiff was subjected to sexually explicit gestures, where her harassers would simulate masturbation and made every conversation with the Plaintiff sexually explicit in nature.

28.     Plaintiff was terminated on July 29, 2022 for an alleged safety violation.

29.     Plaintiff's termination was directly related to her reporting her sexual harassment to her supervisor, who continuously sided with her harassers and took no action.

30.     Because of the severe and pervasive sexual harassment and hostile work environment, the Plaintiff was terminated.

31.     Because her employer refused and failed to take the appropriate and proper steps to investigate and resolve the sexual harassment and hostile work environment, the Plaintiff was ultimately terminated.

32.     At no time did the Plaintiff invite the harassment.

33.     At all times material hereto the Defendant acted by and through the actions of their agents, assigns, servants and employees.

34.     At all times material hereto the Defendant was responsible for the actions of their agents, assigns, servants and employees via *respondeat superior*.

**COUNT I**
**ALEXIS FENSTERMACHER v. ALL DEFENDANTS**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. 2000e *et seq*. and Retaliation**

35.     All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

36.     The conduct of Defendant's treatment of Plaintiff in her employment violated Title VII of the Civil Rights Act of 1964 as the harassment, hostile work environment, retaliation and discrimination that Plaintiff was subjected to was unwelcome, unwarranted, and a clear violation of Title VII.

37.     Plaintiff was subject to different and negative treatment including retaliation and termination because she refused said sexual harassment.

38.     At all times material hereto, the aforementioned harassment was unwelcome.

39.     At all times material hereto, the aforementioned harassment was severe and pervasive.

40.     As a result of the sexual harassment, the Plaintiff was subjected to a hostile work environment.

41.     The discrimination, harassment, hostile work environment, retaliation and termination to which Defendants subjected Plaintiff was intentional, with malice and with reckless indifference.

42.     Plaintiff was subject to different and negative treatment including retaliation and termination because she reported said sexual harassment, and as such was subject to retaliation.

43.     At the time of resignation the Defendant by and through its employees, servants and agents was aware of the sexual harassment that the Plaintiff was subjected.

WHEREFORE, Plaintiff, ALEXIS FENSTERMACHER seeks a determination that the Defendants violated Title VII of the Civil Rights Act of 1964 and request all damages and relief permitted under the Act including but not limited to:

(a)     back pay and front pay;
(b)     compensatory and punitive damages;
(c)     equitable relief such as reinstatement of a rightful place;
(d)     retroactive relief such as seniority and entitlement;
(e)     injunctive relief included but not limited to barring future discriminatory conduct;
(f)     attorney's fees, expert fees, costs and expenses;
(g)     and such further relief as this court deems just and fair.

**COUNT II**
**ALEXIS FENSTERMACHER V. ALL DEFENDANTS**
**VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.**

44.     Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

45.     Defendants discriminated against Plaintiff because she refused the sexual harassment and reported said sexual harassment which is in violation of the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*

46.     Defendants discriminated against Plaintiff in the terms, conditions and privileges of her employment as Defendants allowed, fostered and subjected Plaintiff to harassment, hostile work environment and retaliation as set forth above.

47.     At all times material hereto, the aforementioned harassment was unwelcome.

48.     At all times material hereto, the aforementioned harassment was severe and pervasive.

49.     At all times material hereto, the aforementioned harassment unreasonably altered the condition of Plaintiff's employment and created a hostile work environment.

50.     Plaintiff's resignation was causally related to her sexual harassment and retaliation for reporting said harassment.

51.     Defendants knew or should have known about the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

52.     Defendants failed to take prompt, remedial action to eliminate the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

53.     The discrimination, harassment, hostile work environment, retaliation and termination to which Defendants subjected Plaintiff was intentional, with malice and with reckless indifference.

54.     Defendants' reasons for disciplining and/or terminating Plaintiff were pretextual to obscure Defendants' discriminatory animus and purpose.

55.     During the course and scope of Plaintiff's employment, she was subjected to ongoing antagonism.

56.     The conduct of Defendants' treatment of Plaintiff in his employment, termination and retaliation violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*., as Plaintiff's harassment, hostile work environment, retaliation and discharge from employment was based upon sexual harassment and retaliation.

57.     At the time of termination the Defendant by and through its employees, servants and agents was aware of the sexual harassment that the Plaintiff was subjected to at the workplace and after work hours.

WHEREFORE, Plaintiff, ALEXIS FENSTERMACHER, seeks a determination that the Defendants violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*., and requests all damages and relief permitted under the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*., including but not limited to: back pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; punitive damages, and such further relief as this Court deems just and fair.

**Respectfully submitted,**

**BY:**

**MARC A. WEINBERG, ESQUIRE**
**815 Greenwood Avenue, Suite 22**
**Jenkintown, PA 19046**
**(215) 576-0100**
**mweinberg@saffwein.com**

**Dated: October 5, 2023**